# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JANET M. SCYRKELS,                )
                                  )
            Plaintiff,            )
                                  )
v.                                ) Case No. CIV-06-015-KEW
                                  )
JO ANNE B. BARNHART,              )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )

## OPINION AND ORDER

This matter comes before this Court on the Motion to Alter and Amend Order Granting Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act filed November 6, 2006 (Docket Entry #24).  On October 23, 2006, this Court awarded Plaintiff as the prevailing party in this action an attorney fee award of $4,793.40, as requested in the Application filed October 6, 2006.  Defendant did not object to this request.

Plaintiff now files the subject Motion, requesting that the prior Order be modified to specify that Defendant issue a check directly to Plaintiff's counsel rather than to Plaintiff.  Counsel contends her firm's contract with Plaintiff provides for the assignment of rights to any EAJA application the attorney may file. Counsel also states that the award of EAJA fees directly to the representing attorney has become "standard procedure that has been ordered in literally hundreds of cases in different courts throughout the nation for many years."  Defendant has objected to the direct payment to Plaintiff's counsel, of sorts.  Defendant cites to the relevant authority which would seem to prohibit a direct payment but concludes this Court "could deny" Plaintiff's

Motion.

This Court must necessarily begin any analysis of the proper party to whom to award an EAJA fee with the applicable statute. In this regard, the EAJA statute specifically states that a court may award a reasonable fee and the expenses of attorneys in a civil action brought against the United States or its agencies or officials "to the prevailing party." 28 U.S.C. § 2412(b). While an award of fees and expenses directly to the plaintiff's attorney has been permitted in other jurisdictions, including the Seventh Circuit Court of Appeals, this Court has not been led to any cases within this Circuit by the parties. To the contrary, the Tenth Circuit appears to endorse the payment to the claimant as the prevailing party rather than the payment directly to counsel as urged by counsel. *See*, McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006).

Counsel's contractual argument is not persuasive. Her private agreement in contravention to the unequivocal language in the statute will not be enforced by this Court in this action. This does not preclude counsel from pursuing a breach of contract action should her client fail to pay the required fee.

Counsel's additional argument that the direct payment procedure is "standard" is of no moment. A "standard procedure" which is violative of the law merely represents routinely invalid practice which this Court will not endorse.

The problem encountered by counsel is simple but nonetheless real. The entire amount, including EAJA fees, is awarded to a claimant. Another arm of the United States Government attaches the

proceeds for payment of an unpaid tax, fee or loan resulting in the attorney being deprived of his fee. However, this Court cannot ignore the plain dictates of the statute implicated in these awards and must award in accordance with its express terms. Counsel's problem is more appropriately addressed to legislative action than judicial intervention.

IT IS THEREFORE ORDERED that the Motion to Alter and Amend Order Granting Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act filed November 6, 2006 (Docket Entry #24) is hereby **DENIED**.

IT IS SO ORDERED this 18th day of January, 2007.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma