JANET M. SCYRKELS,                    )
                                      )
            Plaintiff,                )
                                      )
v.                                    )        Case No. CIV-06-015-KEW
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social                )
Security Administration,              )
                                      )
            Defendant.                )

## OPINION AND ORDER

This matter comes before this Court on the Motion for Attorney
Fees Under 42 U.S.C. § 406(b) filed by Troutman & Troutman, P.C.,
the attorneys for Plaintiff, on August 4, 2008 (Docket Entry #27).
Counsel requests that they be awarded fees for legal work pursuant
to 42 U.S.C. § 406(b) in the amount of $11,474.25.  Counsel was
employed by Plaintiff to appeal the adverse decision rendered by
Administrative Law Judge presiding over the request for benefits.
To that end, Counsel entered into a contract for compensation with
Plaintiff, providing for the payment of a fee equal to 25% of any
past due benefits ultimately awarded to Plaintiff.  Such contracts
are recognized as valid under the prevailing case authority.
Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

In this case, Counsel filed this case on behalf of Plaintiff
and filed the initial brief-in-chief on the issues relevant to the
appeal.   Defendant subsequently filed a motion to remand,
requesting that the ALJ's decision be reversed and the case be
remanded for further consideration.   Plaintiff was awarded
attorneys' fees in accordance with the Equal Access to Justice Act
("EAJA") for the efforts before this Court in the amount of

$4,793.40. Plaintiff then prevailed upon remand and was awarded benefits, including past due benefits in the amount of $45,897.00.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). Recently, the Tenth Circuit Court of Appeals determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). Wrenn v. Astrue, 525 F.3d 931, 937-938 (10th Cir. 2008). The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of § 406(b).

Defendant objects to the full 25% award to Counsel, contending the amount of time expended on the case does not justify the level of fee paid. Such are the nature of contingency fee agreements. Nothing in the record indicates the amount sought is inherently unreasonable. Despite the fact the source for Counsel's compensation is a contingency fee contract, this Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the

2

result obtained. Moreover, Defendant's stated concern that Counsel have been compensated by EAJA is allayed by the fact Counsel must refund the smaller of any EAJA award and the amount awarded under § 406(b) to prevent a double recovery by the attorney.  Kemp v. Bowen, 822 F.2d 966, 968 (10th Cir. 1987).  Thus, counsel will be required to make the refund.

Defendant also provides authority in his brief which stands for the propositions that a claimant's attorney may not recover fees under § 406(b) for preparation of a fee request and services performed outside of federal court.  However, Defendant does not indicate Counsel have improperly sought compensation for either of these items.

Defendant also rightly asserts a § 406(b) request must be filed within a reasonable time.  In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6).  McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006).  While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees.  Id.  To that end, any fee request pursued under § 406(b) should be filed "within a reasonable time of the Commissioner's decision awarding benefits."  Id.  (citation omitted).

In this case, the Notice of Award was issued by Defendant on June 17, 2008.  Counsel contends they did not receive the notice until July 31, 2008 and filed the subject Motion on August 4, 2008. This Court cannot find the delay which occurred in this case

3

warrants the draconian result of denying an award of fees. Therefore, the request is considered timely.

IT IS THEREFORE ORDERED that the Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Troutman & Troutman, P.C., the attorneys for Plaintiff, on August 4, 2008 (Docket Entry #27) is hereby **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $11,474.25 and Defendant is directed to pay this fee directly to counsel from the amount of past due benefits withheld for that purpose. In addition, Plaintiff's counsel shall refund the smaller amount between the EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff. <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 6th day of November, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE